IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv243

| | |
|---|---|
| **HARVEST FOOD GROUP, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>Vs. )<br>)<br>**SFI HOLDINGS, INC. d/b/a SIMÉUS** )<br>**FOODS INTERNATIONAL, INC.,** )<br>**KELLY S. HANSEN, STEVEN CAMPBELL,** )<br>**RANDALL BLUMENTHAL, JOCELYN** )<br>**LEWIS, TIM SCALLEN, RSW** )<br>**DISTRIBUTORS LLC d/b/a CULINARY** )<br>**STANDARDS, AGRAGLOBAL FOODS, LLC,** )<br>**RONALD S. WILHEIM, MARK A. LITTMAN,** )<br>**JOSEPH A. STEFANUTTI, JOSE R.** )<br>**QUINONES, CHARLES L. PALMER, III,** )<br>**R. DAVID BERGONIA, RICHARD T.** )<br>**KRIECH, SFI HOLDINGS LLC d/b/a** )<br>**CULINARY STANDARDS and** )<br>**WILLOWBROOK FOODS I, LLC,** )<br>)<br>**Defendants.** )<br>_____ ) | **TEMPORARY<br>RESTRAINING ORDER** |

**THIS MATTER** is before the court on plaintiff's Application for the Issuance of a Temporary Restraining Order under Federal Rule of Civil Procedure 65(b) (the "Application"). The court has considered all of the pleadings, including the Application, the Declaration of Sharon Wanner, and all related moving papers. The declaration demonstrates that defendants purchased perishable agricultural commodities ("Produce") in interstate commerce and, thereafter, defendants failed to pay plaintiff in violation of the *Perishable Agricultural Commodities Act of 1930*, 7 U.S.C. §§ 499a-499t, as amended (the "PACA").

The pleadings and supporting documents further establish that defendants have either dissipated the PACA trust assets or have presented a sufficient threat of dissipation to warrant the relief granted in this Order. On the basis of the pleadings, the declaration, and other submissions, it appears to this court that plaintiff will suffer immediate and irreparable injury due to defendants'

dissipation of plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief. The court is, therefore, of the opinion that a Temporary Restraining Order should be issued due to the threat of further dissipation. Based on the foregoing,

**IT IS HEREBY ORDERED** that

1. Defendants and their respective agents, servants, employees, attorneys, officers, assigns, and all persons in active concert or participation with them who receive actual notice of this Order are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provision of PACA, 7 U.S.C. § 499 e(c)(2) ("PACA trust assets"), that is, all perishable agricultural commodities received by Defendants or their subsidiaries or related companies in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, without agreement of the parties, order of this Court, or until the expiration of this Order. Upon Defendants' payment to Plaintiff in the amount of **$38,537.42** by cashier's check or certified check this Order is dissolved.

2. Pending further orders of this Court, or until such time as Defendants pay Plaintiff or deposit into the Registry of the Court the sum of **$38,537.42**, no banking institution holding funds for either Defendant shall pay, transfer, or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants.

3. If Defendants fail to deposit into the Registry of this Court the sum of **$38,537.42** in full within three business days of the entry of this Order, Defendants must, within ten days of the entry of this Order, account to the Court and Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory, and other assets subject

to the PACA trust.

4. This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise. In this regard, Defendants shall serve a copy of this Order on all financial institutions with which they do (or may do) any business or who may be holding any assets for or on behalf of either the Defendants.

5. Because Defendants already possess **$38,537.42** of PACA trust assets, the bond in this matter is hereby set at $0.00.

6. A Preliminary Injunction Hearing is hereby set for May 7, 2012 at 2 p.m. in the U.S. Courthouse in Charlotte, North Carolina.

8. Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on all Defendants including their respective counsel, if known.

Issued at 5 p.m. Eastern Daylight Time on April 23, 2012.

```
Signed: April 23, 2012
```

Max O. Cogburn Jr.
United States District Judge